IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROBERT CAFKY,                      )
                                   )
       Plaintiff,              )
                                   )
v.                                 )   Case No. CIV-09-103-M
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
       Defendant.              )

## REPORT AND RECOMMENDATION

Mr. Robert Cafky applied for supplemental security income based on an alleged disability. *See* Administrative Record at pp. 68-74 (certified Oct. 24, 2009) ("Rec."). The Social Security Administration denied the application,[1] prompting Mr. Cafky to initiate the present action based in part on legal error in the administrative law judge's credibility assessment.[2] The Court should reverse and remand for further proceedings.

---

[1] Rec. at pp. 1-3, 25-26, 30-37.

[2] Mr. Cafky also alleges error in the consideration of a treating physician's opinion and a lack of substantial evidence to support the administrative law judge's assessment of residual functional capacity. The Court need not consider these arguments in light of the suggested reversal on other grounds. *See infra* pp. 2-6; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

I.  STANDARD OF REVIEW

The Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard.[3] Reversal is required if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'"[4]

II. THE CREDIBILITY ANALYSIS

As alleged by the Plaintiff, the administrative law judge's credibility analysis was deficient.

   A.  Mr. Cafky's Subjective Complaints

Mr. Cafky complained of:

- intractable, severe, bilateral back pain which caused difficulties in lifting, sitting, walking, and standing,[5]

- pain, numbness, and tingling in his left leg,[6]

- insomnia and fatigue from medications,[7]

---

[3] *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

[4] *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

[5] Rec. at pp. 8, 13, 15-16, 125, 130, 132, 134, 139, 142, 144, 151, 154, 156, 158, 242, 262, 267, 269, 271, 281, 286, 289, 293, 296, 303-304.

[6] Rec. at pp. 14-15, 130, 134, 142, 151, 156, 242, 277, 296.

[7] Rec. at pp. 19-20.

- an ability to sit for only 10-15 minutes at a time before needing to change positions,[8]

- an ability to stand for only 10 minutes at a time,[9] and

- difficulty in lifting more than 10 pounds.[10]

B. Duty to Evaluate the Plaintiff's Credibility

Based on these allegations, the administrative law judge had to decide whether he believed the Plaintiff's characterization of the pain.[11] In doing so, the judge had to "give specific reasons for the weight given to the individual's statements."[12] These reasons were to be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[13]

---

[8] Rec. at pp. 15-16.

[9] Rec. at p. 16.

[10] Rec. at p. 17.

[11] *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[12] Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

[13] Social Security Ruling 96-7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

C. The Administrative Law Judge's Analysis

The judge recited the standard for evaluation of credibility and acknowledged Mr. Cafky's testimony regarding:

- aggravation of pain by short periods of sitting or standing,
- radiating pain into both legs,
- inability to sleep,
- ability to lift only about 10 pounds,
- ability to sit only 10-15 minutes,
- ability to stand only 10 minutes, and
- slowness in gait.

Rec. at p. 34.

After summarizing the testimony, the judge concluded:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment.

*Id.*

D. The Administrative Law Judge's Failure to Adequately Explain His Credibility Assessment

The credibility analysis was deficient because the administrative law judge failed to identify the testimony that he disbelieved and the reasons behind his assessment of the allegations.

4

The administrative law judge identified the standard for evaluation of subjective complaints and summarized Mr. Cafky's testimony. *Id.*; *see supra* p. 4. The judge apparently believed some of the allegations, as he concluded that Mr. Cafky's medically determinable impairments could be expected to produce the alleged symptoms. Rec. at p. 34. But the judge obviously rejected some of the complaints because he ultimately concluded that the Plaintiff was "not credible to the extent [the symptoms were] inconsistent with the residual functional capacity assessment." *Id.*

Based on the ultimate assessment of residual functional capacity, the judge apparently rejected the Plaintiff's claims concerning his ability to sit and stand.[14] But two problems exist: (1) The judge did not explain his rejection of the limitations involving sitting and standing; and (2) one cannot tell from the opinion whether he believed Mr. Cafky's statements concerning:

- back or leg pain,
- numbness or tingling,
- insomnia or fatigue, or
- restrictions in the ability to walk or lift.

As a result, the Court would have to speculate regarding:

- whether the administrative law judge had believed these allegations and

---

[14] The judge concluded that Mr. Cafky retained an ability to: (1) sit up to 6 hours in an 8 hour workday with normal breaks, and (2) stand up to 2 hours in an 8 hour workday. Rec. at p. 33. But Mr. Cafky had testified that he could sit only 10-15 minutes before needing to change positions and that he could stand only about 10 minutes. *See supra* p. 4.

5

- why he rejected some of the Plaintiff's complaints.

The need for such speculation is fatal[15] and the omissions proved significant because the vocational expert had testified that the claimant's description of his ability to sit and stand would eliminate any available work. *Id.* at p. 23. As a result, the Court has no discernible way to review the administrative law judge's assessment of credibility. In these circumstances, the Court should reverse and remand for further proceedings.

III. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2006). The deadline for objections is August 5, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[16]

IV. STATUS OF THE REFERRAL

The referral is discharged.

---

[15] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (holding that the administrative law judge had erred in failing to "explain and support with substantial evidence which of [the claimant's] testimony he did not believe and why"); *see also Pryce-Dawes v. Barnhart*, 166 Fed. Appx. 348, 349-50 (10th Cir. Feb. 2, 2006) (unpublished op.) (holding that the credibility analysis was deficient because the "[administrative law judge had] not specif[ied] [the] allegations he believed to be exaggerated" and the conflict that he found between the claimant's description and the medical evidence was "not obvious"); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("The [administrative law judge] must specify what testimony is not credible . . . .").

[16] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 19th day of July, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge